RENDERED: MARCH 18, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0201-MR

MARY EVANS                                                              APPELLANT

APPEAL FROM HOPKINS CIRCUIT COURT
v.        HONORABLE CHRISTOPHER BRYAN OGLESBY, JUDGE
ACTION NO. 20-CI-00703

BAPTIST HEALTH MADISONVILLE                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE: Mary Evans appeals an order of the Hopkins Circuit Court that

dismissed (without prejudice) her lawsuit against Baptist Health Madisonville

(Baptist Health or the hospital). The dismissal was based upon Evans's failure to

comply with provisions of KRS[1] 411.167. In an action against a hospital for

negligence or malpractice, the provisions of KRS 411.167 require that the

---

[1] Kentucky Revised Statutes.

complaint simultaneously be accompanied by a certificate of merit or, in the alternative, an affidavit or declaration that no cause of action is asserted for which expert testimony is required.

On appeal, Evans argues that the trial court erred by concluding that the provisions of KRS 411.167 were applicable. She also argues that the statute is unconstitutional where applied to ordinary negligence claims asserted against hospitals. Finally, Evans argues that the court should have permitted a period of discovery to determine whether the action was one for medical malpractice or ordinary negligence. After our review, we affirm.

On December 23, 2020, Evans filed a civil action against Baptist Health. In her complaint, Evans alleged that she visited the hospital on December 27, 2019. She alleged that she sought medical treatment in the hospital's emergency room because she was experiencing seizures and that she continued to experience symptoms while in the emergency room. Evans explained that she was accompanied to the emergency room by her husband and was seated in a wheel-chair so she would not fall. Evans alleged that when she asked to visit the restroom, hospital staff ordered her to walk there. She alleged that as she walked to the restroom, she suffered a seizure, fell to the floor, and suffered severe injury. She alleged that hospital staff "knew or with any training whatsoever would have known [Evans] should not have been required to self-ambulate given the symptoms

-2-

she presented." She alleged that the negligence of hospital staff was a substantial factor in causing her injuries.

Baptist Health answered the complaint on January 7, 2021. It also filed a motion to dismiss pursuant to the provisions of CR[2] 12.02. The hospital argued that the complaint was insufficient to state a claim for which relief could be granted and that the trial court's jurisdiction had not been properly invoked because Evans failed to comply with the mandatory, simultaneous filing requirements of KRS 411.167.

In her response, Evans argued that the motion should be denied. She contended that as she had yet to receive medical treatment at the time of her fall, her action was not one for medical negligence. She argued that the provisions of KRS 411.167 are not triggered where medical care was not provided before the injury occurred. Therefore, she concluded that her action was not subject to the mandatory filing requirements of KRS 411.167.

Baptist Health filed a reply. Quoting both from the complaint filed by Evans and from her counsel's correspondence to the hospital's attorney, Baptist Health argued that the action was clearly subject to the filing requirement of KRS 411.167.

---

[2] Kentucky Rules of Civil Procedure.

Following a hearing, the Hopkins Circuit Court concluded that the failure of Evans to comply with the requirements of KRS 411.167 compelled dismissal of her complaint. The court's order dismissing, *without prejudice*, was entered on January 21, 2021. This appeal followed.

The construction and application of statutes is a matter of law. *KL & JL Investments, Inc. v. Lynch*, 472 S.W.3d 540 (Ky. App. 2015). Consequently, we review the circuit court's order *de novo*. Under *de novo* review, we do not defer to the trial court's application of the law to established facts. *Cinelli v. Ward*, 997 S.W.2d 474 (Ky. App. 1998).

KRS 411.167 provides that a plaintiff who brings a negligence or malpractice claim against a hospital must file a certificate of merit with the complaint in the court in which the action is commenced. KRS 411.167(1). A certificate of merit is an affidavit or declaration that the plaintiff has consulted with at least one qualified expert who has concluded -- after review and consultation -- that there is a reasonable basis to bring the action. KRS 411.167(2)(a). In specified circumstances, the plaintiff may instead file a declaration or affidavit establishing that she was unable to locate an expert. KRS 411.167(2)(b), (c).

A certificate of merit is *not* required where the plaintiff intends to rely solely on a cause of action for which expert testimony is not necessary. KRS 411.167(4). Under those circumstances, "the complaint shall be accompanied by

an affidavit or declaration that no cause of action is asserted for which expert testimony is required." *Id.*

Evans argues that the provisions of KRS 411.167 are inapplicable because this case is essentially "a cross between a simple negligence action and a premises liability case" and that it is **not** a medical negligence action. She contends that the circuit court simply misinterpreted the nature of her complaint. However, a review of the complaint and Evans's representations to the hospital's counsel negates this argument.

In correspondence dated March 25, 2020, counsel for Evans explained to the hospital's counsel that he was writing to "get things started." He attributed Evans's injuries to hospital staff's instruction to the patient to "ambulate without a wheelchair when she presented symptoms of seizures." He seemed to imply that the matter required review by an expert or expert testimony, explaining that "[g]iven the recent shutdown[,] it has been difficult for me to contact experts for review."

In her complaint, Evans alleged that the hospital and its employees "had a duty to exercise reasonable care and common sense in dealing with [Evans]" and that "[t]here were no medical services provided at the time of the incident that caused or contributed to the damages complained herein." However, she also alleged as follows:

4. At all times relevant herein, the medical doctors, nurses, staff and other personnel involved in the care of Mary Evans were employees, servants, agents, and ostensible agents of [the hospital] and all of these individuals acted within the scope of their employment in connection with the treatment, care, and direction of Mary Evans.

5. The negligence of such individuals is imputed to [the hospital], and [the hospital] is otherwise liable for damages to [Mary Evans] based on the conduct of such individuals.

These numbered paragraphs indicate that Evans intended to base her cause of action against the hospital upon the alleged professional negligence of the health care providers involved in her care. Evans alleged that despite her symptoms, hospital staff negligently instructed her to walk to the restroom, ignoring her protests. Evans charged that hospital staff "knew or with any training whatsoever would have known [Evans] should not have been required to self-ambulate given the symptoms she presented."

A review of our opinion in *Chamis v. Ashland Hospital Corporation*, 532 S.W.3d 652 (Ky. App. 2017), is instructive. In *Chamis*, we considered whether expert testimony was needed to establish a hospital's standard of care, its breach of the standard of care, and the resulting injury where the plaintiff alleged that hospital staff negligently allowed her decedent to fall from a bed. In our analysis, we accepted the hospital's position that the matter was not a "slip and fall" case but rather a medical malpractice case due to the nature of the claims --

-6-

negligence and failure to meet the standard of care. *Id.* at 656. We agreed that expert testimony was required to establish the degree of care and skill expected and that the patient had fallen because hospital staff breached the standard of care. *Id.* at 657. In *dicta,* we noted that determining whether the patient should have ambulated only with the assistance of two persons was an exercise in professional judgment. *Id.* Where the plaintiff alleged that staff members were negligent by failing to take reasonable steps to protect the patient, we specifically held that the matter was not an ordinary negligence case. *Id.*

Regardless of whether we conclude that Evans's action against Baptist Health is one for ordinary negligence or one for malpractice, the circuit court did not err by concluding that the provisions of KRS 411.167 applied. In an action against a hospital for negligence or malpractice, KRS 411.167(1) requires the filing of a certificate of merit. On the other hand, even if we were to conclude that Evans's complaint stated a cause of action for ordinary negligence (for which expert testimony would not be required), the provisions of KRS 411.167(4) would nonetheless still apply. KRS 411.167(4) requires the complaint to be accompanied by an "affidavit or declaration that no cause of action is asserted for which expert testimony is required." No such affidavit or declaration was filed in the trial court.

Next, without citing any authority in support of the argument or stating how the issue was preserved for our review, Evans states in a short

paragraph that KRS 411.167 is unconstitutional where it is applied to ordinary negligence claims asserted against hospitals. Because the issue is not properly before us, we are precluded from addressing it.

The provisions of KRS 418.075 require the Attorney General to be notified of any constitutional challenge to a statute. Evans's brief fails to specify how and when the Attorney General was notified of her constitutional challenge. In reviewing the record, we do not see that either the complaint or the notice of appeal was served on the Attorney General. Compliance with KRS 418.075 is mandatory; appellate courts demand strict compliance with its provisions. *A.H. v. Louisville Metro Government*, 612 S.W.3d 902 (Ky. 2020). Our review of this issue is prohibited. *Id.*

Finally, Evans argues that the court should have permitted a period of discovery to determine whether the action was one for medical malpractice or ordinary negligence. However, in light of our analysis above, we conclude that such an exercise would have been futile and inconclusive.

We note that Evans did not seek to amend her complaint to attach the certificate or affidavit. Therefore, we are compelled to conclude that her failure to comply with the clear requirements of KRS 411.167 warranted the trial court's decision to dismiss the action *without prejudice*.

The judgment of the Hopkins Circuit Court is affirmed.

ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Daniel Sherman | Charles G. Franklin |
| Greenville, Kentucky | Madisonville, Kentucky |